IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| Excentus Corporation, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| QuikTrip Corporation, § | Civil Action No. 12-523 |
| Midax, Inc., § | |
| McKeever Enterprises, Inc., § | **JURY TRIAL** |
| Bresette Foods, Inc., § | |
| Four B Corp. (d/b/a Ball's Food Stores), § | |
| Queen Enterprises, L.L.C., § | |
| Cosentino Enterprises, Inc., and § | |
| Associated Wholesale Grocers, Inc., § | |
| § | |
| Defendants. | |

## ORIGINAL COMPLAINT

Plaintiff Excentus Corporation ("Excentus"), for its Original Complaint against Defendants QuikTrip Corporation ("QuikTrip"), Midax, Inc. ("Midax"), McKeever Enterprises, Inc. ("McKeever"), Bresette Foods, Inc. ("Bresette"), Four B Corp. d/b/a Ball's Food Stores ("Four B"), Queen Enterprises, L.L.C. ("Queen"), Cosentino Enterprises, Inc. ("Cosentino"), and Associated Wholesale Grocers, Inc. ("AWG") (collectively "Defendants"),[1] alleges as follows:

## PARTIES

1. Excentus Corporation is a Texas corporation, having a principal place of business at 14241 Dallas Parkway, Suite 1200, Dallas, Texas 75254.

2. Upon information and belief, Defendant QuikTrip is an Oklahoma corporation, having a principal place of business at 4705 S. 129th East Avenue, Tulsa, OK 74134. QuikTrip

---

[1] For purposes of this Original Complaint, Defendants QuikTrip, McKeever, Bresette, Four B, Queen, Cosentino, and AWG are collectively referred to as "Price Chopper Defendants."

95025568.9

1

has an agent for service of process: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

3. Upon information and belief, Defendant Midax is a Delaware corporation, having a principal place of business at 1280 Holly Point Road, Virginia Beach, VA 23454. Midax can be served with process pursuant to Federal Rule of Civil Procedure 4(e), Missouri Rule of Civil Procedure 54.14, and Virginia Rule of Civil Procedure § 8.01-299 by serving James R. Nevill at 1280 Holly Point Road, Virginia Beach, VA 23454.

4. Upon information and belief, Defendant McKeever is a Missouri corporation, having a principal place of business at 4216 S. Hocker Drive, Bldg 9, Suite 100, Independence, MO 64055. McKeever has an agent for service of process: Registered Agent Ltd., 2345 Brand Blvd, Suite 2800, Kansas City, MO 64108.

5. Upon information and belief, Defendant Bresette is a Missouri corporation, having a principal place of business at 2600 Ensign Hill Drive, Platte City, MO 64079. Bresette has an agent for service of process: Joyce Paul Bresette, 2600 Ensign Hill Drive, Platte City, MO 64079.

6. Upon information and belief, Defendant Four B is a Kansas corporation doing business as Ball's Food Stores, having a principal place of business at 5300 Speaker Road, Kansas City, KS 66106. Four B has an agent for service of process: SNR Registered Agent Services, 4520 Main, Suite 1100, Kansas City, MO 64111.

7. Upon information and belief, Defendant Queen is a Kansas corporation, having a principle place of business at 309 Hospital Drive, Paola, KS 66071. Queen can be served with process pursuant to Federal Rule of Civil Procedure 4(e), Missouri Rule of Civil Procedure

54.14, and Kansas Rule of Civil Procedure 60-304 by serving Howard Smith, 309 N. Hospital Drive, Paola, KS 66071.

8. Upon information and belief, Defendant Cosentino is a Kansas corporation, having a principal place of business at 3901 West 83rd Street, Prairie Village, KS 66208. Cosentino has an agent for service of process: PWS Agent Services, Inc., 700 W. 47th Street, Suite 1000, Kansas City, MO 64112.

9. Upon information and belief, Defendant AWG is a Kansas corporation, having a principal place of business at 5000 Kansas Avenue, Kansas City, KS 66106. AWG has an agent for service of process: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

## JURISDICTION

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent and trademark laws of the United States. This Court has original subject matter jurisdiction over the common law unfair competition claims pursuant to 28 U.S.C. § 1331(b) because the claims are joined with substantial and related claims under the patent and trademark laws of the United States, or alternatively, this Court has supplemental subject matter jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the patent and trademark infringement claims that they form the same case or controversy under Article III of the United States Constitution. In the alternative, this Court has subject matter jurisdiction over this entire action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds $75,000.00.

11. The Court has personal jurisdiction over the Defendants because the Defendants do business in the State of Missouri and this District and have established minimum contacts

with the forum by purposefully directing their activities at Missouri residents such that the exercise of jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice. The Defendants are also continuously and systematically present in the State of Missouri. Further, the Defendants own and operate websites (e.g., www.midax.com, www.mypricechopper.com) that are purposefully directed towards Missouri residents and this District.

## VENUE

12. The Defendants do business in and/or reside in this District. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)-(d).

## FACTS

13. Randy Nicholson ("Nicholson") conceived of many of the inventions claimed in the patents-in-suit, reduced them to practice, and sought patents for them ("the Nicholson Patents"). Nicholson is recognized as a thought-leader and pioneer of many aspects of the innovative technology that has been implemented in the fuel industry in recent years, including such innovations as unattended fuel sites for commercial fleets, pay-at-the-pump technology (for which he was recognized by USA Today), and customer loyalty programs relating to fuel discounts. In late 1986, Nicholson founded Auto-Gas Systems, Inc. ("Auto-Gas") and over the years conceived of and successfully implemented many of these inventions through Auto-Gas and an acquired subsidiary, Centego, and further commercialized the patents-in-suit by way of licensing them to third parties that paid significant license fees to utilize the proprietary technology. Auto-Gas also secured, among other things, the "Fuel Rewards" trademark through its acquisition of Centego.

14. Excentus, also a pioneer of technology and innovations in the fuel industry, was founded in 1996 for the purpose of developing fuel marketing technology and services for commercial and retail fuel operations.

15. In September 2008, Excentus acquired Centego from Auto-Gas, which included, among other things, the Nicholson Patents and the "Fuel Rewards" trademark, both of which have been assigned to Excentus. As part of this transaction, Auto-Gas became a major shareholder of Excentus and Nicholson became a member of Excentus' Board of Directors, a position that he holds to this day.

16. Both Excentus and Auto-Gas created successful fuel discount products and programs through extensive time, labor, skill, and money. Excentus now owns the Auto-Gas fuel discounts products and programs, proprietary technology, and confidential information.

17. The acquisition by Excentus of the Nicholson Patents has aligned the critical patents for customer loyalty programs relating to fuel with the market leader in the industry. Today, Excentus is the market leader and provides its patented technology and services to numerous retailers in the United States and does so using its federally-registered trademarks in "Fuel Rewards" and the "Fuel Rewards Network."

18. Upon information and belief, Midax offers its customers, including but not limited to the Price Chopper Defendants, a gas discounting system that infringes the patents-in-suit, and Midax has actively induced the Price Chopper Defendants to infringe the patents-in-suit by directing and/or controlling their infringing activities and providing components of the patented systems (e.g., pump controllers, routing mechanisms to the Midax Loyalty Rewards Engine, payment processors) to the Price Chopper Defendants, knowing that these components are especially adapted for infringement of the patents-in-suit.

19. Defendants McKeever, Bresette, Four B, Cosentino, Queen, and AWG own and/or operate Price Chopper stores that participate in the Chopper Shopper Fuel Rewards Program.

20. Defendants Cosentino and QuikTrip own and/or operate fuel stations that participate in the Chopper Shopper Fuel Rewards Program.

21. Excentus is the owner of the federally registered trademark "Fuel Rewards."

22. The Price Chopper Defendants use and/or operate the Chopper Shopper Fuel Rewards Program, and through at least their online advertisements (e.g., www.mypricechopper.com) and press releases, use the mark "Fuel Rewards" in connection with and to promote their Chopper Shopper Fuel Rewards Program. *See* Ex. A, Price Chopper Fuel Rewards Rules; *see also* Ex. B, Price Chopper Press Release.

## **INFRINGEMENT OF U.S. PATENT NO. 6,321,984**

23. Excentus incorporates by reference paragraphs 1-22 as if fully set forth herein.

24. On November 27, 2001, U.S. Patent No. 6,321,984 ("the `984 Patent") was duly and legally issued for an invention entitled "Adjustable Price Fuel Dispensing System." A copy of the `984 Patent is attached as Exhibit C.

25. The `984 Patent was assigned to Excentus, which holds all rights and interests in the `984 Patent.

26. The Price Chopper Defendants have engaged and are engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq., constituting direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the `984 Patent, including but not limited to the Chopper Shopper Fuel Rewards Program infringing at least claims 1, 8, 14, and 15 of the `984 Patent.

27. Upon information and belief, Defendant Midax controls or directs the Price Chopper Defendants, by virtue of one or more agency relationships or other contractual obligations, to infringe the `984 Patent, which is necessary in order for the Chopper Shopper Fuel Rewards Program to function. Upon information and belief, Midax also offers to sell and/or sells components of Excentus' patented systems to the Price Chopper Defendants, knowing that the components, which constitute material parts of the inventions, are especially adapted for infringement of the `984 Patent. Midax is vicariously liable, therefore, for the infringement of the `984 Patent, either by way of contributory infringement or by actively inducing the Price Chopper Defendants to infringe the `984 Patent.

28. The acts of infringement by the Defendants have caused damages to Excentus, and Excentus is entitled to recover from the Defendants the damages sustained by Excentus as a result of its wrongful acts in an amount subject to proof at trial. The infringement of the `984 Patent will continue to damage Excentus' business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

29. Furthermore, the infringements of the `984 Patent by the Defendants are willful and deliberate, entitling Excentus to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,332,128

30. Excentus incorporates by reference paragraphs 1-29 as if fully set forth herein.

31. On December 18, 2001, U.S. Patent No. 6,332,128 ("the `128 Patent") was duly and legally issued for an invention entitled "System and Method of Providing Multiple Level Discounts on Cross-Marketed Products and Discounting a Price-Per-Unit-Volume of Gasoline." A copy of the `128 Patent is attached as Exhibit D.

32. The `128 Patent was assigned to Excentus, which holds all rights and interests in the `128 Patent.

33. The Price Chopper Defendants have engaged and are engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq., constituting direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the `128 Patent, including but not limited to the Chopper Shopper Fuel Rewards Program infringing at least claims 1-5 and 20-25 of the `128 Patent.

34. Upon information and belief, Defendant Midax controls or directs the Price Chopper Defendants, by virtue of one or more agency relationships or other contractual obligations, to infringe the `128 Patent, which is necessary in order for the Chopper Shopper Fuel Rewards Program to function. Upon information and belief, Midax also offers to sell and/or sells components for use in practicing the patented methods to the Price Chopper Defendants, knowing that the components, which constitute material parts of the inventions, are especially adapted for infringement of the `128 Patent. Upon information and belief, Midax further offers to sell and/or sells components of Excentus' patented systems to the Price Chopper Defendants, knowing that the components, which constitute material parts of the inventions, are especially adapted for infringement of the `128 Patent. Midax is vicariously liable, therefore, for the infringement of the `128 Patent, either by way of contributory infringement or by actively inducing the Price Chopper Defendants to infringe the `128 Patent.

35. The acts of infringement by the Defendants have caused damages to Excentus, and Excentus is entitled to recover from the Defendants the damages sustained by Excentus as a result of their wrongful acts in an amount subject to proof at trial. The infringement of the `128

Patent will continue to damage Excentus' business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

36. Furthermore, the infringements of the `128 Patent by the Defendants are willful and deliberate, entitling Excentus to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,732,081

37. Excentus incorporates by reference paragraphs 1-36 as if fully set forth herein.

38. On May 4, 2004, U.S. Patent No. 6,732,081 ("the `081 Patent") was duly and legally issued for an invention entitled "Method for Providing Price-Per-Unit Discounts for Fuel to a Customer." A copy of the `081 Patent is attached as Exhibit E.

39. The `081 Patent was assigned to Excentus, which holds all rights and interests in the `081 Patent.

40. The Price Chopper Defendants have engaged and are engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq., constituting direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the `081 Patent, including but not limited to the Chopper Shopper Fuel Rewards Program infringing at least claim 11 of the `081 Patent.

41. Upon information and belief, Defendant Midax controls or directs the Price Chopper Defendants, by virtue of one or more agency relationships or other contractual obligations, to infringe the `081 Patent, which is necessary in order for the Chopper Shopper Fuel Rewards Program to function. Upon information and belief, Midax also offers to sell and/or sells components for use in practicing the patented methods to the Price Chopper Defendants, knowing that the components, which constitute material parts of the inventions, are

especially adapted for infringement of the `081 Patent. Midax is vicariously liable, therefore, for the infringement of the `081 Patent, either by way of contributory infringement or by actively inducing the Price Chopper Defendants to infringe the `081 Patent.

42. The acts of infringement by the Defendants have caused damages to Excentus, and Excentus is entitled to recover from the Defendants the damages sustained by Excentus as a result of their wrongful acts in an amount subject to proof at trial. The infringement of the `081 Patent will continue to damage Excentus' business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

43. Furthermore, the infringements of the `081 Patent by the Defendants are willful and deliberate, entitling Excentus to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,383,204

44. Excentus incorporates by reference paragraphs 1-43 as if fully set forth herein.

45. On June 3, 2008, U.S. Patent No. 7,383,204 ("the `204 Patent") was duly and legally issued for an invention entitled "System and Method to Provide Customer Incentive to Provide Non-Fuel Products and Services." A copy of the `204 Patent is attached as Exhibit F.

46. The `204 Patent was assigned to Excentus, which holds all rights and interests in the `204 Patent.

47. The Price Chopper Defendants have engaged and are engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq., constituting direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the `204 Patent, including but not limited to the Chopper Shopper Fuel Rewards Program infringing at least claims 1, 2, 3, 5, 7, 8, 9, 12, 14, 16, 17, and 18 of the `204 Patent.

48.     Upon information and belief, Defendant Midax controls or directs the Price Chopper Defendants, by virtue of one or more agency relationships or other contractual obligations, to infringe the `204 Patent, which is necessary in order for the Chopper Shopper Fuel Rewards Program to function.  Upon information and belief, Midax also offers to sell and/or sells components for use in practicing the patented methods to the Price Chopper Defendants, knowing that the components, which constitute material parts of the inventions, are especially adapted for infringement of the `204 Patent.  Upon information and belief, Midax further offers to sell and/or sells components of Excentus' patented systems to the Price Chopper Defendants, knowing that the components, which constitute material parts of the inventions, are especially adapted for infringement of the `204 Patent.  Midax is vicariously liable, therefore, for the infringement of the `204 Patent, either by way of contributory infringement or by actively inducing the Price Chopper Defendants to infringe the `204 Patent.

49.     The acts of infringement by the Defendants have caused damages to Excentus, and Excentus is entitled to recover from the Defendants the damages sustained by Excentus as a result of its wrongful acts in an amount subject to proof at trial.  The infringement of the `204 Patent will continue to damage Excentus' business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

50.     Furthermore, the infringements of the `204 Patent by the Defendants are willful and deliberate, entitling Excentus to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **INFRINGEMENT OF U.S. PATENT NO. 7,653,571**

51.     Excentus incorporates by reference paragraphs 1-50 as if fully set forth herein.

52. On January 26, 2010, U.S. Patent No. 7,653,571 ("the `571 Patent") was duly and legally issued for an invention entitled "System and Method for Generating Price-Per-Gallon Discounts for Fuel." A copy of the `571 Patent is attached as Exhibit G.

53. The `571 Patent was assigned to Excentus, which holds all rights and interests in the `571 Patent.

54. The Price Chopper Defendants have engaged and are engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq., constituting direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the `571 Patent, including but not limited to the Chopper Shopper Fuel Rewards Program infringing at least claims 1, 2, 4, and 7 of the `571 Patent.

55. Upon information and belief, Defendant Midax controls or directs the Price Chopper Defendants, by virtue of one or more agency relationships or other contractual obligations, to infringe the `571 Patent, which is necessary in order for the Chopper Shopper Fuel Rewards Program to function. Upon information and belief, Midax also offers to sell and/or sells components for use in practicing the patented methods to the Price Chopper Defendants, knowing that the components, which constitute material parts of the inventions, are especially adapted for infringement of the `571 Patent. Midax is vicariously liable, therefore, for the infringement of the `571 Patent, either by way of contributory infringement or by actively inducing the Price Chopper Defendants to infringe the `571 Patent.

56. The acts of infringement by the Defendants have caused damages to Excentus, and Excentus is entitled to recover from the Defendants the damages sustained by Excentus as a result of its wrongful acts in an amount subject to proof at trial. The infringement of the `571

95025568.9                                         12
Case 4:12-cv-00523-BP   Document 1   Filed 05/08/12   Page 12 of 18

Patent will continue to damage Excentus' business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

57. Furthermore, the infringements of the `571 Patent by the Defendants are willful and deliberate, entitling Excentus to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## TRADEMARK INFRINGEMENT – 15 U.S.C. § 1125 VIOLATION

58. Excentus incorporates by reference paragraphs 1-57 as if fully set forth herein.

59. Excentus owns the federally registered trademark "Fuel Rewards."

60. The Price Chopper Defendants are infringing Excentus' federally registered trademark by using the mark "Fuel Rewards" in commerce to market the Chopper Shopper Fuel Rewards Program.

61. The Price Chopper Defendants intended to cause consumer confusion and deceive potential consumers as to the source, affiliation, or sponsorship of the Chopper Shopper Fuel Rewards Program.

62. The Price Chopper Defendants' use of Excentus' mark "Fuel Rewards" in the advertisement and promotion of the Chopper Shopper Fuel Rewards Program in the media, in the markets, and at Price Chopper and QuikTrip retail locations is likely to cause confusion among potential users of the program.

63. As a result of the Price Chopper Defendants' infringement of the mark "Fuel Rewards," Excentus is entitled to preliminary and permanent injunctive relief to prevent continued infringement and further unfair competition.

64. Excentus is also entitled to the Price Chopper Defendants' profits derived from the operation of the Chopper Shopper Rewards Program, compensatory damages suffered by

95025568.9                                13
Case 4:12-cv-00523-BP   Document 1   Filed 05/08/12   Page 13 of 18

Excentus as a result of the trademark infringement, and the costs incurred by Excentus in prosecuting this action, and in any event, a just amount of damages, including treble damages as a result of the Price Chopper Defendants' willful and wrongful infringement.

65. The Price Chopper Defendants' infringement is malicious, fraudulent, deliberate, or willful, and therefore, this case is exceptional; Excentus is entitled to an award of reasonable attorneys' fees as a result.

## PALMING OFF – COMMON LAW TRADEMARK INFRINGEMENT

66. Excentus incorporates by reference paragraphs 1-65 as if fully set forth herein.

67. Excentus owns the trademark "Fuel Rewards," which has acquired secondary meaning.

68. The Price Chopper Defendants are infringing Excentus' trademark in "Fuel Rewards" by using the mark "Fuel Rewards" in commerce to market the Chopper Shopper Fuel Rewards Program.

69. The Price Chopper Defendants intended to cause consumer confusion and deceive potential consumers as to the source, affiliation, or sponsorship of the Chopper Shopper Fuel Rewards Program.

70. As a result of the wrongful use of Excentus' trademark "Fuel Rewards," the Chopper Shopper Fuel Rewards Program is likely to cause confusion among potential users of the program.

71. Excentus is entitled to compensatory and exemplary damages as a result of the Price Chopper Defendants' willful palming off under common law.

## COMMON LAW MISAPPROPRIATION

72. Excentus incorporates by reference paragraphs 1-71 as if fully set forth herein.

95025568.9    14
Case 4:12-cv-00523-BP   Document 1   Filed 05/08/12   Page 14 of 18

73. Both Excentus and Auto-Gas created successful fuel discount products and programs through extensive time, labor, skill, and money. Excentus now owns the Auto-Gas fuel discounts products and programs, proprietary technology, and confidential information.

74. The Defendants have used Excentus' products and programs (including those acquired from Auto-Gas) in competition with Excentus, thereby gaining a special advantage or free ride because the Defendants have not borne any of the expense incurred by Excentus and Auto-Gas to create and develop these fuel discount products and programs. This conduct by the Defendants constitutes common law misappropriation, has caused damage to Excentus, and has resulted in improper profits to the Defendants.

75. Excentus sues for its actual and exemplary damages as a result of this common law misappropriation by the Defendants. In addition, Excentus is entitled to injunctive relief preventing the Defendants from using Excentus' fuel discount products and programs.

## UNFAIR COMPETITION

76. Excentus incorporates by reference paragraphs 1-75 as if fully set forth herein.

77. The Defendants' actions described herein constitute business conduct that is contrary to honest practice in industrial or commercial matters.

78. The Defendants gained an unfair advantage in the market by capitalizing on Excentus' intellectual property by (1) infringing Excentus' "Fuel Rewards" trademark, (2) infringing the patents-in-suit, (3) misappropriating Excentus' fuel discount products and programs, and (4) implementing the knockoff Chopper Shopper Fuel Rewards Program in the marketplace, which are acts that interfered with Excentus' ability to conduct its business and that constitute unfair competition under common law. Further, the Chopper Shopper Fuel Rewards Program was designed to cause confusion among potential customers.

79. The Defendants' acts were willful and in bad faith and the Defendants have continued to operate their Chopper Shopper Fuel Rewards Program in direct competition with Excentus and will continue to do so, gaining an unfair advantage in the market by these acts of unfair competition.

80. Excentus has suffered damages and is entitled to an award of actual and punitive damages as a result of the Defendants' acts of unfair competition.

## PRAYER

WHEREFORE, Excentus respectfully prays that upon final trial a judgment be entered and that the following relief be granted:

(1) For judgment that the patents-in-suit have been and will continue to be infringed by the Defendants;

(2) For judgment that Excentus' trademark has been and will continue to be infringed by the Price Chopper Defendants in violation of the Lanham Act and the common law;

(3) For judgment that the Defendants have engaged in misappropriation under the common law;

(4) For judgment that the Defendants have engaged in unfair competition under the common law;

(5) For an accounting of all damages sustained by Excentus as a result of the acts of patent infringement, trademark infringement, common law misappropriation, and unfair competition by the Defendants;

(6) For preliminary and permanent injunctions enjoining the aforesaid acts of patent infringement, trademark infringement, and common law misappropriation by the Defendants, their officers, agents, servants, employees, subsidiaries and attorneys, and those persons acting in

concert with them, including related individuals and entities, customers, representatives, dealers, and distributors;

(7) For actual damages together with prejudgment interest against the Defendants as a result of their acts of patent infringement;

(8) For enhanced damages pursuant to 35 U.S.C. § 284 against the Defendants;

(9) For awards of attorneys' fees pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117, or as otherwise permitted by law;

(10) For all actual and punitive/exemplary damages, lost profits, and attorneys' fees against the Defendants;

(11) For all costs of suit, prejudgment interest, and post-judgment interest as allowed by law; and

(12) For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Excentus demands a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests Kansas City, Missouri as place of trial.

Dated: May 8, 2012					Respectfully submitted,


/s/ Eric D. Barton
| Thomas W. Wagstaff | MO Bar #23764 |
| twwagstaff@wcllp.com | |
| Eric D. Barton | MO Bar #53619 |
| ebarton@wcllp.com | |

WAGSTAFF & CARTMELL
4740 Grand Avenue
Suite 300
Kansas City, MO 64112
Telephone: (816) 701-1100
Facsimile: (816) 531-2372


Brett C. Govett*
bgovett@fulbright.com
Karl G. Dial*
kdial@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200
* *Petitions for Admission Pro Hac Vice Pending*


Counsel for Plaintiff
EXCENTUS CORPORATION